NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIOLETA GRIGORESCU, <br><br>       Plaintiff - Appellee, <br><br>  v. <br><br> EUGENE WHITLOCK, <br><br>       Defendant - Appellant, <br><br> and <br><br> BOARD OF TRUSTEES OF THE SAN MATEO COUNTY COMMUNITY COLLEGE DISTRICT, HARRY JOEL, CHARLENE FRONTIERA, <br><br>       Defendants. | No. 24-547 <br><br> D.C. No. <br> 3:18-cv-05932-EMC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted March 5, 2025
San Francisco, California

Before: WARDLAW, BEA, and LEE, Circuit Judges.

Appellant Eugene Whitlock appeals the district court's summary judgment

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

order denying him qualified immunity on Appellee Violeta Grigorescu's First Amendment retaliation claim brought under 42 U.S.C. § 1983.[1] Grigorescu alleges that Whitlock initiated a retaliatory investigation into her educational credentials and engaged in a campaign of harassment against her because of her participation in two environmental organizing groups that sued the San Mateo Community College District, where Grigorescu worked as a lab technician and adjunct professor and Whitlock served as Vice Chancellor of Human Resources. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review *de novo* a denial of summary judgment predicated upon qualified immunity." *Cox v. Roskelley*, 359 F.3d 1105, 1109 (9th Cir. 2004). On interlocutory appeal from the denial of qualified immunity, we have jurisdiction only to resolve the "purely legal . . . contention that [the defendant's] conduct [,viewed in the light most favorable to the plaintiff,] did not violate the [Constitution] and, in any event, did not violate clearly established law." *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021) (internal quotation marks and citation omitted). "We must affirm the district court's denial of qualified immunity if, resolving all factual disputes and drawing all inferences in

---

[1] To state a First Amendment retaliation claim, a plaintiff must plausibly allege that (1) she engaged in protected speech; (2) she suffered an adverse employment action; and (3) that her speech was a "substantial or motivating factor" for the adverse employment action. *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003).

[Grigorescu's] favor, [Whitlock's] conduct (1) violated a constitutional right that (2) was clearly established at the time of the violation." *Ballou v. McElvain*, 29 F.4th 413, 421 (9th Cir. 2022).

The only issue properly before us on appeal is whether the challenged conduct was objectively reasonable in light of clearly established law at the time of the incident.[2]  To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

1.      The district court properly denied Whitlock qualified immunity on Grigorescu's First Amendment retaliation claim.  At the time of the alleged constitutional violation, "both the constitutional protection of employee speech and a First Amendment cause of action for retaliation against protected speech were clearly established." *Coszalter v. City of Salem*, 320 F.3d 968, 979 (9th Cir. 2003); *see also Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cnty., Illinois*, 391 U.S. 563, 574–75 (1968); *Connick v. Myers*, 461 U.S. 138, 145–46 (1983). The district court was correct that a reasonable official should have known that

---

[2] The district court found that Grigorescu raised a genuine dispute of fact as to whether Whitlock acted with a retaliatory motive.  "A district court's determination that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009).  We thus assume at this stage that Grigorescu's speech was a "substantial or motivating factor" for the adverse employment action.

retaliation against a public employee's protected expression was barred by clearly established law.

2.      Also unconvincing is Whitlock's argument that the law was not clearly established with respect to whether Grigorescu suffered an adverse employment action at the time of the alleged constitutional violation.  When Whitlock initiated the investigation into Grigorescu's educational credentials, it was clearly established that a retaliatory investigation resulting in disciplinary action constitutes an adverse employment action.  *See Marable v. Nitchman*, 511 F.3d 924, 929 (9th Cir. 2007) (finding that an employee "doubtless suffered adverse employment action" when his "employer accused him of misconduct, conducted a disciplinary hearing, and suspended him without pay"); *see also Dahlia v. Rodriguez*, 735 F.3d 1060, 1079 (9th Cir. 2013) (en banc); *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 977 (9th Cir. 2002).  Moreover, it was clearly established that "campaigns of harassment and humiliation," *Coszalter*, 320 F.3d at 975, or "other means of coercion, persuasion, and intimidation," *White v. Lee*, 227 F.3d 1214, 1228 (9th Cir. 2000), if proven, can constitute adverse action sufficient to support First Amendment retaliation claims.

**AFFIRMED.**